IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

JAMESE CLARK,                          )
                                       )
            PLAINTIFF,                 )          CIVIL ACTION NO.  5:24-cv-1341 (GTS/TWD)
                                       )
    vs.                                )
                                       )          HON.  Glenn T. Suddaby and Hon. Therese
McDonald's Corporation,                )              Wiley Dancks
McDonald's Restaurants of              )
New York, Inc., McDonald's USA,        )
LLC,                                   )
                                       )
                                       )
            DEFENDANTS.                )
_____

## COMPLAINT

PLAINTIFF, JAMESE CLARK, by and through her attorneys, submits her

Complaint against McDonald's Corporation, McDonald's Restaurants of New

York, Inc., McDonald's USA, LLC.

## JURY DEMAND

COMES NOW PLAINTFF, JAMESE CLARK, and hereby makes her

demand for trial by jury.

## JURISDICTION

1.    At all times relevant to this complaint, Plaintiff Jamese Clark was a resident

of Onondaga County in the State of New York.

1

2.     Defendants are a multi-location franchise with a principal place of business in Onondaga County at 2442 Irie Blvd, Syracuse, NY 13224.

3.     This action is brought in this Court on the basis of federal question jurisdiction, pursuant to Title VII of the Civil Rights Act of 1964, 42 USC 2000e et seq.

4.     Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

## VENUE

5.     Venue is proper in the Northern District of New York pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment discrimination giving rise to Plaintiffs' claims occurred in this District.

## STATEMENT OF FACTS

6.     Plaintiff began employment with Defendants' restaurant in or around September/October 2021.

7.     During her first shift, Plaintiff was shown around the restaurant by a manager, Damian ("Dame"), who took her to various areas, including the back refrigerator and the sauce stocking room.

8.     While in the refrigerator, Dame made a joke about being trapped together, which made Plaintiff uncomfortable.

9. When in the sauce area, "Dame" commented that Plaintiff had something on her rear end, proceeded to touch her rear end without consent, and made inappropriate comments.

10. Plaintiff, shocked and disturbed by Dame's conduct, shared the incident with colleagues, who indicated that such behavior was known and typical of Dame.

11. Plaintiff informed another shift manager, who responded that Dame's behavior was common but assured Plaintiff she would watch out for her.

12. Plaintiff noticed Dame often appeared intoxicated during shifts, masking alcohol with Coca-Cola, and exhibited inappropriate behavior towards her.

13. On one occasion, while Plaintiff was bagging orders, Dame asked inappropriate questions regarding her breast size, making her uncomfortable.

14. Plaintiff requested to work on the back register to avoid Dame, limiting her interactions with him.

15. Despite her efforts to avoid Dame, Plaintiff received late-night texts from him, including requests to "take care" of him and "chill," which she ignored and eventually blocked his number.

16. Plaintiff informed her then-boyfriend and family of Dame's harassment, but decided not to involve them further to avoid escalation.

17. Plaintiff sought advice from a local judge, who suggested she find legal counsel for her situation.

3

18.     Plaintiff experienced continued harassment from Dame, including groping and inappropriate physical contact in the tight workspace near the back register.

19.     Plaintiff's manager adjusted her shifts to reduce her exposure to Dame, but Plaintiff still had to work the same shifts.

20.     In the spring/summer, Plaintiff requested a shift change, allowing her to work only on Mondays and Tuesdays, with a split double shift schedule to avoid interactions with Dame.

21.     Defendants took no action against Dame.

22.     Plaintiff continued working to maintain her income while living with her grandmother and attending school.

23.     Plaintiff relocated to Buffalo, after which she learned through Facebook that Dame had a history of harassing women, as several more allegations surfaced against him.

24.     Plaintiff's experience with Dame was corroborated by others, as it became evident that his inappropriate conduct was a known issue at the workplace.

25.     Plaintiff suffered emotional distress, discomfort, and a hostile work environment as a result of Dame's ongoing harassment and Defendants' failure to address these concerns.

26. Defendants' failure to take action against Dame's behavior led to Plaintiff's discrimination and harassment claims based on sex and race.

27. Plaintiff filed a charge with the EEOC, No. 525-2023-01938, with the EEOC issuing a Right to Sue letter on or about August 7, 2024.

## COUNT I
## GENDER/SEXUAL HARRASMENT/DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e *et seq.* ("Title VII")

28. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

29. At all material times, Defendants were an employer covered by, and within the meaning of, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended.

30. Defendants' conduct, as alleged herein, violated Title VII, which makes it unlawful to sexually harass an employee or discriminate against said employee on the basis of gender.

31. A respondeat superior relationship existed because Plaintiff's supervisors, had the ability to undertake or recommend tangible decisions affecting Plaintiff or the authority to direct Plaintiff's daily work activity as alleged in the statement of facts.

32. Plaintiff is an African American woman and a member of a protected class.

33.    Plaintiff was subjected to communication or conduct on the basis of her gender, as indicated in the facts above.

34.    The unwelcomed conduct or communication was intended to or in fact did substantially interfere with the Plaintiff's employment or created an intimidating, hostile, or offensive work environment as alleged in the statement of facts.

35.    Plaintiff notified Defendants and/or Defendants' agents of the unwelcomed conduct and communication and Defendants failed to remedy the unwelcomed conduct or communication.

36.    As a direct and proximate result of Defendants and Defendants' agent's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, emotional distress, humiliation and embarrassment, loss of professional reputation, and was constructively terminated.

37.    Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II
## GENDER/SEXUAL HARRASMENT/DISCRIMINATION IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL")

38.    Plaintiff incorporates by reference all allegations in the preceding paragraphs.

39.    At all material times, Defendants were an employer covered by, and within the meaning of, NYSHRL, as amended.

40. Defendants' conduct, as alleged herein, violated NYSHRL, which makes it unlawful to sexually harass an employee or discriminate against said employee on the basis of gender.

41. A respondeat superior relationship existed because Plaintiff's supervisors, had the ability to undertake or recommend tangible decisions affecting Plaintiff or the authority to direct Plaintiff's daily work activity as alleged in the statement of facts.

42. Plaintiff is an African American woman and a member of a protected class.

43. Plaintiff was subjected to communication or conduct on the basis of her gender, as indicated in the facts above.

44. Woman employees were treated better than male employees.

45. The unwelcomed conduct or communication was intended to or in fact did substantially interfere with the Plaintiff's employment or created an intimidating, hostile, or offensive work environment as alleged in the statement of facts.

46. Plaintiff notified Defendants and/or Defendants' agents of the unwelcomed conduct and communication and Defendants failed to remedy the unwelcomed conduct or communication.

47. As a direct and proximate result of Defendants and Defendants' agent's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, emotional distress,

humiliation and embarrassment, loss of professional reputation, and was constructively terminated.

48.    Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III
## DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII

49.    Plaintiff incorporates by reference all allegations in the preceding paragraphs.

50.    At all material times, Defendants were an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

51.    Defendants' conduct, as alleged herein, violated Title VII of the Civil Rights Act of 1964, which makes it unlawful to harass or discriminate an employee on the basis of that employee's race or association with a particular race.

52.    Plaintiff is an African American woman, and, as a result, is a member of a protected class pursuant to Title VII.

53.    Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class, including failing to protect her from sexual harassment and mistreatment due to her race.

54.    Defendants and their agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

55.    The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

56.    As a proximate result of the Defendants' discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

57.    As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

58.    Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT IV**
**DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF NYSHRL**

59.    Plaintiff incorporates by reference all allegations in the preceding paragraphs.

60.    At all material times, Defendants were an employer and Plaintiff was an employee covered by, and within the meaning of, NYSHRL, as amended.

61.    Defendants' conduct, as alleged herein, violated the NYSHRL, which makes it unlawful to harass or discriminate an employee on the basis of that employee's race or association with a particular race.

62.    Plaintiff is an African American woman, and, as a result, is a member of a protected class pursuant to NYSHRL.

63.    Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class, including failing to protect her from sexual harassment and mistreatment due to her race.

64.    Defendants and their agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

65.    The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

66.    As a proximate result of the Defendants' discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

67.    As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

68.    Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT V
## HOSTILE WORKPLACE ENVIRONMENT IN VIOLATION OF TITLE VII

69.    Plaintiff incorporates by reference all allegations in the preceding paragraphs.

70.     At all material times, Plaintiff was an employee, and Defendants were her employer covered by, and within the meaning of, Title VII.

71.     A respondeat superior relationship existed because agents of Defendants had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

72.     Defendants' conduct, as alleged herein, violated Title VII which makes it unlawful to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

73.     Plaintiff's work environment, as alleged in the statement of facts made it so any individual who reported or spoke out against Defendants' discriminatory practices had an unworkable work environment.

74.     Additionally, Defendants allowed Plaintiff's work environment to be hostile, intimidating and offensive on the basis of her gender and sexual harassment.

75.     Moreover, Plaintiff's continual attempts to have the situation remedied, coupled with Defendants ignoring Plaintiff's complaints made the situation untenable.

76.     The unwelcomed conduct and communication was intended to, or in fact did, substantially interfere with Plaintiff's employment, and created an intimidating, hostile, or offensive work environment, as alleged in the statement of facts.

11

77.    As a direct and proximate result of Defendants' discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

78.    As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

79.    Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VI
## HOSTILE WORKPLACE ENVIRONMENT IN VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL")

80.    Plaintiff incorporates by reference all allegations in the preceding paragraphs.

81.    At all material times, Plaintiff was an employee, and Defendants were her employer covered by, and within the meaning of, NYSHRL.

82.    A respondeat superior relationship existed because agents of Defendants had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

83.    Defendants' conduct, as alleged herein, violated NYSHRL which makes it unlawful to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

84.    Plaintiff's work environment, as alleged in the statement of facts made it so any individual who reported or spoke out against Defendants' discriminatory practices had an unworkable work environment.

85.    Additionally, Defendants allowed Plaintiff's work environment to be hostile, intimidating and offensive on the basis of her gender and sexual harassment.

86.    Moreover, Plaintiff's continual attempts to have the situation remedied, coupled with Defendants ignoring Plaintiff's complaints made the situation untenable.

87.    The unwelcomed conduct and communication was intended to, or in fact did, substantially interfere with Plaintiff's employment, and created an intimidating, hostile, or offensive work environment, as alleged in the statement of facts.

88.    As a direct and proximate result of Defendants' discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

89.    As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

90.    Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT VII**
**DISCRIMINATION IN VIOLATION OF 42 USC § 1981**

91. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as if fully set forth herein.

92. 42 USC § 1981 prohibits individuals from intentionally discriminating and retaliating against persons who engage in protected activity, including reporting and opposing unlawful acts of race discrimination.

93. Defendant's discrimination against Plaintiff as described above is in violation of the rights of Plaintiff afforded her by the First Amendment and the Civil Rights Act of 1866, 42 USC § 1981, as amended by the Civil Rights Act of 1991.

94. By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by individuals who are non-African American, to the creation, performance, enjoyment, and all benefits and privileges of their contractual employment relationship with Defendant, in violation of 42 USC § 1981.

95. Plaintiff further engaged in activity protected by 42 USC § 1981 when she complained of and opposed unlawful sexual harassment.

96. The actions of Defendant and its agents were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

14

97.    As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff's employment were adversely affected, and Plaintiff was forced out.

98.    But for Defendant's unlawful discrimination against Plaintiff, Plaintiff would not have suffered damages as set forth herein including her constructive termination.

99.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about their future, physical and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life.

## **RELIEF REQUESTED**

PLAINTIFF, Jamese Clark, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory damages in whatever amount to which Plaintiff is entitled;

2. Exemplary damages in whatever amount which Plaintiff is entitled;

3. An award of lost wages and the value of fringe benefits, past and future;

4. An award of interest, costs, and reasonable attorney fees; and

5.   An order awarding whatever other equitable relief appears appropriate at

the time of final judgment.

Dated:   New York, New York
November 3, 2024

Respectfully Submitted,


*/s/ Christopher H. Fitzgerald*
Christopher H. Fitzgerald, Esq. (CF7339)
*Attorney for Plaintiff*
14 Wall Street, Suite 1603
New York, NY 10005
212-226-2275
CFitzgerald@CHFLegal.com


*/s/ Carla D. Aikens*
Carla D. Aikens (pro hac pending)
Rejanae M. Thurman (P85701)
CARLA D. AIKENS, P.L.C.
*Attorneys for Plaintiff*
615 Griswold Ste. 709
Detroit, MI 48226
carla@aikenslawfirm.com

16